UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WENDEL GUNNING, NEW ORLEANS VALUE ADDED FOODS, L.L.C., AND CHEF HAPPY'S FINE PRODUCTS, L.L.C. | CIVIL ACTION |
| VERSUS | No. 06-0716 |
| HARTWIG MOSS INSURANCE AGENCY, LTD. AND RICHARD COLLINS | SECTION: I/2 |

### ORDER AND REASONS

Before the Court is a motion to remand and for attorney fees filed on behalf of plaintiffs, Wendel Gunning, New Orleans Value Added Foods, L.L.C., and Chef Happy's Fine Products, L.L.C.[1] Plaintiffs seek to remand this action to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c).  Plaintiffs also seek to recover attorney fees and costs associated with defendants' defective removal pursuant to the same statute.  For the following reasons, plaintiffs' motion is **GRANTED IN PART** and **DENIED IN PART**.

*BACKGROUND*

Plaintiff's state court complaint indicates that, in July, 2005, plaintiffs contacted defendant Richard Collins in his capacity as an insurance agent employed by defendant Hartwig Moss Insurance Agency, LTD.[2]  At that time, plaintiffs sought to reform their insurance

---

[1] Rec. Doc. No. 3.

[2] Rec. Doc. No. 1, p. 13.

coverage and obtain a flood insurance policy that would adequately cover their building, including its businesses and contents.[3] Plaintiffs allege that defendants never obtained the requested policy.[4] In August, 2005, Hurricane Katrina destroyed plaintiffs' building and its contents.[5] Plaintiffs allege that they detrimentally relied on defendants' representations and, as a result, were left with uninsured losses due to the storm.[6]

On February 15, 2006, defendants filed a petition for removal, contending that the case involved an interpretation of the Standard Flood Insurance Policy ("SFIP"), which falls within the jurisdiction of the federal courts.[7] At that time, defendants also addressed plaintiffs' claims, stating that the reason the flood policy was never procured was that plaintiffs never provided defendants with the requisite flood elevation survey.[8]

One month after filing their petition for removal, defendants discovered that their petition had, due to an error, been untimely filed.[9] Defendants contacted plaintiffs by phone and agreed to remand the case.[10] By that time, however, plaintiffs had incurred expenses associated with the drafting and filing of their motion to remand and refused to drop their claim for attorney fees.[11]

---

[3] *Id.*

[4] Rec. Doc. No. 1, p. 3.

[5] Rec. Doc. No. 1, p. 14.

[6] Rec. Doc. No. 1, p. 13.

[7] Rec. Doc. No. 1, p. 4.

[8] *Id.*

[9] Rec. Doc. No. 4, p. 1.

[10] *Id.*

[11] Rec. Doc. No. 4, pp. 1-2.

Defendants assert that the error that led to their untimely filing for removal was purely accidental and based on erroneous information obtained from the Clerk of Court for the 24th Judicial District Court of Jefferson Parish.[12]  Defendants also assert that their petition for removal was filed in good faith and based on an objectively reasonable belief that removal was proper.[13]

## *LAW AND ANALYSIS*

Plaintiffs' motion to remand to state court is not contested by defendants and, therefore, the only question remaining before the Court is whether to grant plaintiffs' request for costs and expenses.  According to 28 U.S.C. § 1447(c), an order for remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The question of whether to award fees and costs is left to the discretion of the court.  *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993).  While this discretion is broad, federal courts are discouraged from awarding fees too freely, as "undue generosity" may encourage unnecessary litigation.  10 Wright, Miller & Kane, *Federal Practice & Procedure* § 2675.1 (3d. ed. 1998).  The Court must determine "whether the defendant had objectively reasonable grounds to believe the removal was legally proper."  *Valdes v. Wal-Mart Stores, Inc.,*  199 F.3d 290, 293 (5th Cir. 2000).  Defendants' belief is judged "at the time the petition for removal was filed."  *Miranti*, 3 F.3d at 928.

The parties disagree as to whether plaintiffs' allegations regarding the SFID are sufficient to convey federal jurisdiction.  Considering this dispute and the cited authority, as well as defendants' stated reasons for their failure to file a timely removal petition, the Court finds that

---

[12]Rec. Doc. No. 4, pp. 2-3.

[13]Rec. Doc. No. 4, p. 9.

defendants had objectively reasonable grounds to believe their removal was legally proper and will decline to award attorney fees and costs to plaintiffs.

Accordingly,

**IT IS ORDERED** that plaintiffs' motion to remand is **GRANTED**, and the case is hereby **REMANDED** to the 24th Judicial District Court, Parish of Jefferson, State of Louisiana for further proceedings. **IT IS FURTHER ORDERED** that plaintiffs' request for costs and expenses is **DENIED**.

New Orleans, Louisiana, May __18th__, 2006.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**